UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES N. CLAYTON

V.

COMMONWEALTH OF
MASSACHUSETTS
COURT DEPARTMENTS et als.

05 - 11C20 MLW

CONSPIRACY TO  JURY DEMANDED on
VIOLATE  CIVIL AND  INTENT,DAMAGES
CONSTITUTIONAL RIGHTS
GUARANTEED BY THE
FIFTH AMENDMENT OF THE
U.S. CONSTITUTION AS
ENFORCED BY THE
FOURTEENTH AMENDMENT

James N. Clayton, Plaintiff/Petitioner, by Power of Attorney, granted to
Ruth Southern, state that this court has Original Jurisdiction under
Title 42 U.S.C.SS 1985,1988 and Title 28 U.S.C. S 1343(a), to find and
Render judgment against defendant for it's willful  violation of the
"Double Jeopardy" clause of the Fifth Amendment of the U.S.
Constitution, and under "Equal Access" and "Due Process allegedly
Guaranteed by the same Fourteenth Amendment to the United Stsates
Constitution.

   Plaintiff/Petitioner, states that this court has jurisdiction,
 Under the violation of the Fourteenth Amendment to the U.S.
Constitution to "ORDER" said Defendant/Respondent to "Issue"
 a"Habeas Corpus" releasing This Plaintiff/Petitioner from it's "Illegal
Custody".
 This does not require "Exhaustion" by  defendant. It is an "ORDER" to
"ISSUE".

Page 1 of 4

This Plaintiff/Petitioner, states as follows, the prima facia violation, of the Fifth Amendment of the U.S. Constitution is as follows: In 1995 a Judge of defendant state issue, a decision and ordered all charges against this plaintff/petitioner "Dismissed",among other reasons "Statute of Limitation" grounds.this defendant sought no appeal, that determination became final, by defendants choosing not to appeal.(Operation of Law).

In 1996, the defendant sought another Indictment on the same grounds and same statute and on the same information before a new grand jury the order dismissing the earlier Indictment (above) disappeared. The "ORDERS DISMISSING" the first case, misteriously, reappeared in December 2004, after the "APPEALS COURT" of defendant denied a pending petition seeking release, Ruled on earlier by the same court on the same issues presented now.

This case presents a clear and obvious overwhelming abuse of the "STATE'S"duty under the fourteenth amendment of the U.S. Constitution, a total disregard of prior case law, "Law of the case" which Contravene's the Fifth Amendment of the United States Constitution, and allows the "State" to "Ignore Unsatisfactory Outcomes" in "Prejudicial Dismissal of Prior Criminal Proceedings

The underlying state prosecution was terminated in favor of this plaintiff in 1995 by a decision of the state Superior Court, withheld untill December 2004 a violation of M.G.L.c 263 S 7 as well as the Fifth Amendment of the United States Constitution, allegedly conferred on the states (including Massachusetts) by the fourteenth amendment to the U.S. Constitution.

This Petitioner/Plaintiff, is requesting this court review the previous allegations and the continuous allegations, stated below and "ORDER" the STATE Respondant/Defendant to Recognize and Rule on the Overwhelmingly Prejudicial intent and effect of submitting prejudicial evidence at this petitioners third "State" Trial as the defendant /respondant was unable to obtain a conviction unless it used the deliberately prejudicial erroneous evidence to support it's case.

If the inference of impropriety, has any relevance in our "LAW" this may be the case to expose it.

Rulings by the Court infavor of this Petitioner, or in the alternative "Order"' the State's S.J.C. to Rule on the improper inclusion of said evidence. 3.) All fees this Court deems reasonable and proper and all damages this court deems reasonable for said deliberate acts and violations of Respondant/Defendant. The origianal Indictments were Dismissed by Judge Elizabeth J. Dolan on "Statute of Limitations" and on" Prejudicial "Grounds on December 29, 1995, either ground is a Dismissal with prejudice and a Final Determination of the Commonwealth's case the principles of Double Jeoprady attach in either case, as the "Merits of the Commonwealth's case or cases were determined adversely to the State the State was not without remedy as it could have asked for 1.) Reconsideration or 2.) Taken an Appeal, it chose not to and the "Dismissal" was with prejudice and became "Final" inadvertantly or otherwise. All matters of question stem from the improper filing of a second "Indictment" of which the Court refused to recognize the impact of the "Dismissal" on the Commonwealth second indictment. Copy of December 29, 1995 "ORDER" and Judgement Unappealled is included as Exhib.1

Respectfully Submitted as a
Complaint and Motion by
James N. Clayton

*James N. Clayton*

Ruthann Southern by
Power of Attorney
P.O.Box 126
Sagamore Mass. 02561

*Ruthann Southern*

Page 4 of 4

Exhibit 1

6

public and that is that persons engaging in sexual relations are having sexual intercourse of some type. By that question and the detective's answer, the prosecutor has now put before the Grand Jury that the defendant made admissions to having had sexual relations with Sheri. Point one is that he made no such admissions and point two is that he explicitly denied having sexual intercourse with Sheri.

At a further presentation before the Grand Jury on January 11, 1994, Detective Roderick repeated in essence the defendant's admissions of fondling, kissing, etc., and again made no mention of his denial of sexual intercourse with Sheri.

The combination of the omission of the denial and the clear implication that the defendant admitted to sexual relations with Sheri constitutes a fatal flaw in the presentation of this case insofar as it involves Count II of the indictment for rape of child.

Had it simply been the omission and nothing further, this case would not have reached the level of dismissal as did the omission in Commonwealth v. O'Dell, 392 Mass. 445 (1984). The omission in O'Dell had a direct bearing upon the element of shared mental intent in a joint venture. In light of the testimony of Sheri before the Grand Jury, the inclusion of the defendant's denial of sexual intercourse may have had little influence upon the return of the Grand Jury indictments. It is the exacerbation of the omission by the impression left in the minds of the Grand Jury that the

7                                   *Exhibit l*

defendant admitted to sexual intercourse that impaired the integrity of the

proceedings before the Grand Jury.

Based upon the foregoing, Count II of Indictment No. 46884 be and hereby is

**DISMISSED**

The defendant's further predication and argument for dismissal due to lack of

diligence in complying with discovery motions need not be addressed in light of the

ruling that the remaining count be dismissed based upon the proceedings before the

Grand Jury.

It is **ORDERED** that the Clerk's Office endorse the defendant's motion to

dismiss as **ALLOWED**.

Elizabeth J. Dolan
Justice of the Superior Court

DATED:      December 29, 1995

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT

Case Summary
Criminal Docket

-R. 6-
**BACR1996-47171**
**Commonwealth v Clayton, James N**

| Date | Paper | Text |
|------|-------|------|
| 09/18/2001 | | Bail in the amount of $5,000.00 returned to Surety Check #2283 |
| 10/16/2001 | | Continued until November 15, 2001 for status (Nickerson, Justice) |
| 10/16/2001 | | Defendant's presence waived on November 15, 2001 (Nickerson, Justice) |
| 10/16/2001 | | Continued until February 02, 2002 for trial (Nickerson, Justice) |
| 11/15/2001 | | Hearing on review of records (documents marked as "B") by Court held, matter taken under advisement (Connon, Justice) |
| 11/15/2001 | | Continued until February 04, 2002 at 9:00 AM for trial (Connon, Justice) |
| 11/20/2001 | 62.0 | RE: IMPOUNDMENT ORDER dated August 20, 1998 (documents marked as "B") --These records are no longer to be impounded and may be reviewed by defendant's attorney and Commonwealth (Connon, Justice) (certifed copies to attys, copy attached to records) |
| 02/04/2002 | | Continued until March 25, 2002, for status (Connon, Justice) |
| 03/25/2002 | | Continued until May 02, 2002, for status (Nickerson, Justice) |
| 04/09/2002 | | Case brought forward by the Court due to scheduling conflict on May 2, 2002; counsel shall report a mutually agreed upon new date to the Court for further review (Kane, Justice) (copy to attorney and district attorney, April 9, 2002) |
| 05/03/2002 | | Continued until December 9, 2002, for trial, Rule 36 waived (Kane, Justice) |
| 12/09/2002 | 63.0 | Commonwealth files list of potential witnesses |
| 12/09/2002 | 64.0 | Commonwealth files additional list of witnesses |
| 12/09/2002 | 65.0 | Amended Motion by Deft: to strike portions of the bill of particulars filed; After evidentiary hearing, motion allowed as to #1; denied as to #2, #3 and #4, findings on the record; special verdict slip shall be submitted to the jury (Nickerson, Justice) copies mailed 12/18/02 |
| 12/09/2002 | 66.0 | Motion by Deft: to admit certain relevant evidence pursuant to MGL c.233, sec. 21B filed; After hearing, motion allowed; evidence may be submitted in accordance with the Appeals Court decision dated August 2, 2001 (Nickerson, Justice) copies mailed 12/18/02 |
| 12/09/2002 | 67.0 | Additional Motion by Deft: to admit certain relevant evidence pursuant to MGL c.233, sec. 21B filed; After hearing, motion allowed; evidence may be submitted in accordance with the Appeals Court decision dated August 2, 2001 (Nickerson, Justice) copies mailed 12/18/02 |
| 12/09/2002 | 68.0 | Motion by Deft: request to copy and refer at trial to portions of certain records filed; After hearing, motion allowed; the Commonwealth reserves the right to object if proper foundation is not set forth; defendant at this time withdraws #4 (Nickerson, Justice) copies mailed 12/18/02 |
| 12/09/2002 | 69.0 | Motion by Deft: to sequester witnesses filed; Motion allowed (Nickerson, Justice) copies mailed 12/18/02 |
| 12/09/2002 | 70.0 | Motion by Commonwealth: in limine to introduce evidence of a prior bad act by the defendant filed; After hearing, motion is denied (Nickerson, Justice) copies mailed 12/18/02 |
| 12/09/2002 | 71.0 | Motion by Deft: for individual examination of jurors filed; Allowed |

δ-20031124

03/01/2004
02:54 PM

Exhibit IV

-R. 7-
BACR1996-47171
Commonwealth v Clayton, James N

| te | Paper | Text |
|---|---|---|
| | 71.0 | in part; denied in part as is reflected on the record (Nickerson, Justice) copies mailed 12/18/02 |
| 09/2002 | | Trial by Jury (Nickerson, Justice) |
| 09/2002 | | Voir dire begins, 14 jurors seated |
| 09/2002 | | Continued until December 10, 2002 for continuance of trial (Nickerson, Justice) |
| 10/2002 | | Trial by Jury continues (Nickerson, Justice) |
| 11/2002 | | Trial by Jury continues (Nickerson, Justice) |
| 11/2002 | | 10:30 AM: Commonwealth rests |
| 11/2002 | 72.0 | Motion by Deft: for required finding of not guilty filed; Motion denied (Nickerson, Justice) copies mailed 12/18/02 |
| 11/2002 | | 11:00 AM: defense rests |
| 11/2002 | | 11:20 AM: Closing arguments |
| 11/2002 | 73.0 | Defendant files Request for Jury Instructions |
| 11/2002 | | 12:40-1:25 PM: Charge of the Jury |
| 11/2002 | | 4:10 PM: Jury released until December 12, 2002 for further deliberations |
| 12/2002 | | Trial by Jury continues (Nickerson, Justice) |
| 12/2002 | | 4:00 PM: Jury deadlocked, jury dismissed (Nickerson, Justice) |
| 08/2003 | 74.0 | Motion by Commonwealth: to continue trial date to December 9, 2003; motion allowed (Connon, Justice) |
| 08/2003 | 75.0 | Motion by Commonwealth: in limine to introduce evidence of prior bad acts of the defendant |
| 10/2003 | | Hearing on pre-trial motions |
| 10/2003 | 76.0 | List of jurors filed. |
| 10/2003 | 77.0 | Commonwealth files List of potential witnesses |
| 10/2003 | 78.0 | Deft files list of potential witnesses |
| 10/2003 | 79.0 | Motion by Deft: for individual examination of jurors |
| 10/2003 | 80.0 | Amended Motion by Deft: to strike portions of the bill of particulars |
| 10/2003 | 81.0 | Motion by Deft: to sequester witnesses filed; Allowed (Connon, Justice) copies mailed |
| 10/2003 | | Motion (P#75) denied, see record (Richard F. Connon, Justice). Copies mailed |
| 10/2003 | 82.0 | Motion by Deft: to admit certain relevant evidence pursuant to MGL 233/21B filed; Parties agree that this evidence should be part of the case (Connon, Justice) copies mailed |
| 10/2003 | 83.0 | Additional Motion by Deft: to admit certain relevant evidence pursuant to MGL 233/21B filed; The parties agree that this evidence should be part of the case (Connon, Justice) copies mailed |
| 10/2003 | | Trial by Jury begins (Connon, Justice) |
| 10/2003 | | Jury voir dire begins |
| 10/2003 | | Individual voir dire begins |
| 10/2003 | | 2:00 PM  Evidence begins |
| 12/10/2003 | | Trial by Jury Continued until December 11, 2003 for further trial (Connon, Justice) |
| 12/11/2003 | | Trial by Jury continues (Connon, Justice) |

Denied

## SUPREME JUDICIAL COURT
### for the Commonwealth
### Case Docket

*Exhibit II*

### COMMONWEALTH vs. JAMES N. CLAYTON
FAR-14885

| CASE HEADER | | | |
|---|---|---|---|
| **Case Status** | FAR pdg: sched for FC vo | **Status Date** | 07/12/2005 |
| **Nature** | Crim: nonhomicide nondrug | **Entry Date** | 06/21/2005 |
| **Appeals Ct Number** | 2004-P-0445 | **Opposition Date** | |
| **Appellant** | Defendant | **Applicant** | Defendant |
| **Citation** | | **Case Type** | Criminal |
| **Full Ct Number** | | **TC Number** | |
| **Lower Court** | Barnstable Superior Court | **Lower Ct Judge** | Richard F. Connon, J. |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Commonwealth**<br>Plaintiff/Appellee | Julia K. Holler, A.D.A.<br>J. Thomas Kirkman, A.D.A. |
| **James N. Clayton**<br>Defendant/Appellant | Peter M. Onek, Esquire<br>Carlo A. Obligato, Esquire<br>Inactive |

| DOCKET ENTRIES | | |
|---|---|---|
| **Entry Date Paper** | **Entry Text** | |
| 06/22/2005 | Docket opened. | |
| 06/22/2005 #1 | MOTION to file FAR application late, filed for James N. Clayton by Peter M. Onek, Esquire. *ALLOWED. | |
| 06/22/2005 #2 | FAR APPLICATION of James N. Clayton, filed by Peter M. Onek, Esquire. | |
| 07/12/2005 #3 | Letter from Atty. Onek regarding misstatement on Commonwealth's opposition. | |

As of 07/16/2005 01:02

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br><br>B. Received by ( Printed Name)    C. Date of Delivery<br>MAR 0 2 2005<br><br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

**1. Article Addressed to:**

Comm. of MASS

S.J.C

1 PomberTon SQ

Boston, Ma.

02108-1707

**3. Service Type**
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

**4. Restricted Delivery? (Extra Fee)** ☐ Yes

**2. Article Number**
*(Transfer from service label)*

7002 3150 0000 9864 4249

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ 60 |
| Certified Fee | 230 |
| Return Reciept Fee<br>(Endorsement Required) | 175 |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ 4/65 |

Postmark Here    FEB 2    USPS

**Sent To**
Comm. oF MASS : S.J.C.

*Street, Apt. No.;*
*or PO Box No.* 1 PemberTen SQ

*City, State, ZIP+4* BosTon mA 02108-1707

PS Form 3800, June 2002    See Reverse for Instructions

7002 3150 0000 9864 4249

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

James M. Clayton

## DEFENDANTS

Com. OF MASS.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

05 - 11028 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☒ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S. 1973 - 88

Brief description of cause:
Viol Equal Access Due Process Dbl Jeopardy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _James N. Clayton_
   _Com. of Mass._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___   V.     150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                        YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?    (SEE 28 USC §2403)
                                                        YES          (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                        YES           NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                        YES          (NO)    IN PART

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        (YES)        NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)            CENTRAL DIVISION            WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
       GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION              CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Ruth Own Southern Pow of AH._
ADDRESS _(James N. Clayton Pro Se)_
TELEPHONE NO. _PO Box 126_
             _Sagamore Mass. 02561_

(Cover sheet local.wpd - 11/27/00)