UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES N. CLAYTON,                      )
     Plaintiff,                     )
                              )
               v.                     )
                              )
                              )      C.A. No. 05-11628-MLW
COMMONWEALTH OF                        )
MASSACHUSETTS, ET AL.,                 )
     Defendants.                    )
                              )
                              )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.

       For the reasons set forth below: (1) Plaintiff's Motion to Waive All Fees and Costs (#1) is denied; (2) The Court will not construe this action as a petition for writ of habeas corpus, and any request for habeas relief contained in the Complaint is denied without prejudice; (3) Plaintiff's civil rights claims are dismissed *sua sponte* without prejudice; and (4) Plaintiff's Limited Power of Attorney to Ruthann Southern is stricken, with the exception that the Court will permit the docket to reflect Plaintiff's mailing address as P.O. Box 126, Sagamore, MA 02561, for purposes of receiving notices, rulings, and other documents related to this action.

<u>BACKGROUND</u>

       On July 27, 2005, James Clayton ("Clayton"), a prisoner at Bay State Correctional Center in Norfolk, MA,[1] filed a civil complaint and a "Motion to Waive all Fees and Costs" (#1).

_____

      [1]Plaintiff does not disclose that he is a prisoner, and the contact information he provides is not a prison facility, nor has he disclosed his whereabouts in his Motion to Waive Fees and Costs. However, an internet search of the records of the Department of Corrections reveals that Plaintiff is currently in custody at Bay State Correctional Facility.

Clayton's pleading raises both civil rights claims and a request for habeas relief.   The civil cover sheet (used for civil actions), and his Complaint state that his claims are made pursuant to 42 U.S.C. § 1985, *et seq*.

Clayton's Complaint is not entirely coherent, but appears to assert allegations regarding his criminal proceedings in Massachusetts state court dating back to 1995.  Id. at 2.   He alleges violations of  "double jeopardy" and "equal access."  Id. at 1.   More specifically, he alleges that the 1995 criminal state proceedings were dismissed with prejudice in his favor, but that he was again charged with the same crime in 2004, in violation of the double jeopardy clause of the Fifth and Fourteenth Amendments.  Id.

Plaintiff further alleges specific infractions which he claims occurred during his state proceeding, at both the trial and appellate level.  Id. at 3.   These include the recognition of a second indictment despite a prior dismissal with prejudice, the erroneous admission of evidence of prior bad acts at trial, and misstatements during appellate oral argument.  Id. Plaintiff indicates that his appeal is still pending in the Massachusetts Supreme Judicial Court. Id.

Plaintiff requests this Court review the state court decisions and order the state court to "Recognize and Rule on the Overwhelmingly Prejudicial intent and effect of submitting prejudicial evidence at this petitioner's third 'State' trial...[sic]"  Id. at 2.  Specifically, he seeks a ruling in his favor, or, in the alternative, an Order requiring the Supreme Judicial Court of Massachusetts to rule on the "improper inclusion of said evidence."  Id. at 4.  Plaintiff also seeks monetary damages and habeas relief.

Accompanying his Complaint was a motion to waive all fees and costs (#1), and a copy

2

of a limited power of attorney to Ruthann Southern (#2).

ANALYSIS

I.     <u>Plaintiff's Motion to Waive All Fees and Costs</u>

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint, or (2) file an Application to Proceed Without Prepayment of Fees.[2]  <u>See</u> 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*).  Where the plaintiff is a prisoner, however, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration.  28 U.S.C. § 1915(a)(2).

The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996) ("PLRA") is codified, *inter alia*,  in 28 U.S.C. § 1915.  Section § 1915, a provision regarding proceedings *in forma pauperis*,  has "change[d] the meaning" of that term as it relates to prisoners.  <u>Wooten v. District of Columbia Metro. Police Dept.</u>, 129 F.3d 206, 207 (D.C. Cir. 1997).   Thus, unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status.  Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the

---

[2]By contrast, a party filing a § 2254 habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees.  <u>See</u> 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*).  An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. <u>See</u> Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account).

provisions of § 1915(b).  See McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.  Id. at 607);  See also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P.Dodge Realty Co., 173 F. Supp. 2d 951, 952 (D. Neb. 2001).

Here, Clayton has filed a Motion to Waive the Fees and Costs (#1) claiming he lacks funds to pay any fees, but has failed to provide sufficient financial disclosures which would support a finding of indigency, nor has he filed the requisite certified prison account information.

Accordingly, the Motion to Waive the Fees and Costs (#1) is denied without prejudice for failure to demonstrate eligibility for *in forma pauperis* status, and for failure to comply with the requirements of 28 U.S.C. § 1915(b); and in view of the dismissal of this action for the reasons stated in this Memorandum and Order.

II.    Plaintiff's Complaint is Subject to Screening

The PLRA also enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  See 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33

(1992).

Additionally, § 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

The Court recognizes that Plaintiff's pleadings should be construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, the action is subject to dismissal  for the reasons stated below.

III.    Failure to Comply with Fed. R. Civ. P. 8(a)

A complaint must meet the minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure requiring a plaintiff to include in their complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... minimal

requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1ˢᵗ Cir. 1988)). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Here, Clayton has failed to identify with any specificity the defendants to this action. He has merely named the Commonwealth of Massachusetts and its Courts. Moreover, he has not set forth any specific dates, places, or other such details necessary to set forth a cognizable legal claim, or which would permit a meaningful response from any defendant.

Despite the substantial technical pleading deficiencies, however, the Court will not dismiss the Complaint *sua sponte* on these grounds, because independent grounds exist for *sua sponte* dismissal, as noted below.

IV.    Habeas Claims

Plaintiff references habeas relief in his Complaint. To the extent that Plaintiff is seeking to collaterally attack his criminal conviction (and sentence), by claiming violations of "double jeopardy, equal access, and due process," this civil Complaint is not the proper forum for these issues; they are more properly raised in the habeas corpus context. Because Clayton specifically pled his claims in the civil rights context, because he seeks monetary damages, and because conversion of this action into a habeas petition under 28 U.S.C. § 2254 may prejudice the Plaintiff at this time,  the Court will not construe Clayton's claims as a petition for a writ of

habeas corpus under 28 U.S.C. § 2254 at this time.[3]

Accordingly, all claims for habeas relief, if any, are dismissed, *sua sponte*, without prejudice to Clayton filing a habeas petition pursuant to 28 U.S.C. § 2254, after all state remedies have been exhausted.

V.       Civil Rights Claims

With respect to any civil rights claims asserted by Plaintiff, such claims are not legally cognizable as they are barred by Eleventh Amendment immunity, and by the so-called "favorable termination rule" of Heck and its progeny.  Heck v. Humphrey, 512 U.S. 477 (1994); see also Sholley v. Town of Holliston, 49 F. Supp. 2d 14, 18 (D. Mass. 1999).

A.       Eleventh Amendment Immunity as Bar to Relief

Clayton names the Commonwealth of Massachusetts and its Courts as defendants in this action.  As such, his claims are barred by the Eleventh Amendment, which provides for sovereign immunity.

The Eleventh Amendment[4] generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit.  Alabama v. Pugh, 438 U.S. 781, 781 (1978) (*per curiam*).  Unless a State has "waived its Eleventh Amendment immunity or

---

[3]It also appears as though Clayton has not exhausted state remedies as required by 28 U.S.C. § 2254(b)(1).  Clayton states in the facts that he currently has an appeal pending with the Massachusetts Supreme Judicial Court.  See Compl. at 3, ¶ 4.

[4]The Eleventh Amendment to the United States Constitution provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983).

Here, the Commonwealth has not consented to suit, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity). Thus, the Eleventh Amendment bars Clayton's civil rights claims against the Commonwealth, and the Courts of the Commonwealth of Massachusetts. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

### B.    Favorable Termination Rule as Bar to Relief

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under § 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. Heck, 512 U.S. at 486-487. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a cause of action under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486. The holding of Heck has been extended to other sections of the Civil Rights

Act.  See, e.g., Amaker v. Weiner, 179 F.3d 48, 51 (2nd Cir. 1999)(holding Heck applies with

respect not only to § 1983 claims but also to §§ 1981, 1985(3) and 1986); accord Martinez v.

Ensor, 958 F. Supp. 515, 517-518 (D. Col. 1997) (§§ 1981 and 1985).

　　　　While a Plaintiff who has received a favorable outcome in a prior appeal or writ of

habeas corpus hearing may commence a suit pursuant to § 1983 for those same issues and

receive monetary damages, there are no facts here to suggest that Clayton has received such a

favorable outcome; rather, the facts he alleges lead to the opposite conclusion.  Accordingly, all

of Plaintiff's civil rights claims, and claims for monetary damages are dismissed, *sua sponte*,

without prejudice.

　　　　　　　　　　C.　　Mandamus Relief

　　　　Clayton has not specifically referenced a request for mandamus relief in his Complaint,

although he seeks an Order Compelling the Supreme Judicial Court of Massachusetts ("SJC") to

rule favorably on his appeal.  To the extent this is construed as a request for mandamus relief,

this Court lacks jurisdiction to do so.

　　　　The common-law writ of mandamus, as codified in 28 U.S.C. §1361, provides that:

> [t]he district courts shall have original jurisdiction of any action in the nature of
> mandamus to compel an officer or employee of the United States or any agency thereof
> to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

　　　　Here, no defendant is a federal officer, employee or agency and, as such, is not subject to

the statutory mandamus authority of this Court.  Therefore, this Court lacks jurisdiction to

entertain a request for mandamus relief under § 1361.

　　　　Similarly, this Court lacks jurisdiction under 28 U.S.C. § 1651, which provides authority

to the Supreme Court and all courts established by Act of Congress to issue "all writs

necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law."  28 U.S.C. § 1651.   Section 1651 is not available in this case because a

federal district court cannot direct a state court or judicial officer to perform an official act. See

In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (federal court cannot control or interfere with

state court litigation by way of mandamus); See also Offutt v. Kaplan, 884 F. Supp. 1179, 1183,

1187-88 (N.D. Ill. 1995) (federal district court lacked jurisdiction under § 1651 in § 1983 due

process/equal protection action against presiding judge in state custody proceedings; court held

that mandamus was an inappropriate remedy because "a federal district court has no general

mandamus jurisdiction to compel action by state court officials.").[5]

_____

[5]To some extent § 1361 nor § 1651 go hand-in-hand, however, neither type of  relief is
appropriate here in any event.  This Circuit has viewed mandamus relief as the exception rather
than the norm.  Mandamus is  "limited to situations in which the party seeking the writ has a
clear entitlement to relief, yet is threatened with irreparable harm should that relief be delayed or
deferred.  United States v. Darryl Green, — F.3d — , 2005 WL 1119791 (1st Cir. (Mass.), May
12, 2005) citing In re Sterling-Suarez, 306 F.3d 1170, 1172 (1st Cir. 2002); In re Cargill, Inc., 66
F.3d 1256, 1260 (1st Cir. 1995)).  It is an extraordinary remedy, and the grant of injunctive relief
by a court may be invoked as a means "to protect its jurisdiction over an action." Rosello-
Gonzalez v. Calderon-Serra, 398 F.3d 1, 14 (1st Cir. 2004).  Moreover, for a court to utilize
§ 1651(a) relief, "there must be at least the possibility that the complaint states a justiciable
federal claim." Id.  In order to warrant mandamus relief, there must be a risk of irreparable
harm if such relief were not granted. See, Id. at 10.   This District Court has also held that
mandamus under § 1361 "should not be invoked if other avenues of relief exist..." Kane v.
Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) (Young, C.J.) (citing Heckler v. Ringer, 466
U.S. 602, 616 (1984) and 4 Kenneth C. Davis, Administrative Law Treatise, §§ 23.7, at 155, §
23.12, at 169 (1983) (discussing the "orthodox" view of mandamus and the broader view found
in some Supreme Court cases) and comparing Work v. United States ex rel. Rives, 267 U.S. 175
(1925) (taking broader view of mandamus holding it appropriate to compel federal officers to act
within the boundaries of their discretion)) (other citations omitted).  Clayton has not
demonstrated a justiciable federal claim, nor has he demonstrated no other avenue for relief
exists or that he would suffer irreparable harm if relief is not granted. Additionally, for the
reasons set forth in this Memorandum and Order, this Court does not find Clayton is entitled to
relief under 28 U.S.C.  § 2201, which allows the court to make a declaration of the legal rights of

Thus, Plaintiff's request for an Order compelling the SJC to rule is denied.[6]

VI.    Power of Attorney

The Limited Power of Attorney (#2) which accompanies the Complaint, appears to authorize Ruthann Southern to receive Plaintiff's mail and obtain transcripts. However, the Court notes that she has also signed pleadings in this case, on Plaintiff's behalf.

To the extent that Clayton seeks to have Ruthann Southern as his acting attorney, the Court will not permit such representation, since Ms. Southern is not a licensed attorney. Local Rule 83.5.3(c), provides that "[a] person who is not a member of the bar of this court... will be allowed to appear and practice before this court only in his own behalf." Id. (emphasis added). Thus, Ruthann Southern may not represent Plaintiff in any way in this action, nor may she sign or submit pleadings purportedly on Clayton's behalf.

Accordingly, Plaintiff's Limited Power of Attorney to Ruthann Southern is stricken, absent a showing that Ms. Southern is a licensed attorney of law, with the exception that the Court will permit the docket to reflect Plaintiff's mailing address as P.O. Box 126, Sagamore, MA 02561, for purposes of receiving notices, rulings, and other documents related to this action

_____

a party.

[6]Because this action is dismissible on other grounds, the Court need not consider dismissal on Abstention grounds in view of the pending review of Clayton's conviction, by the SJC, but notes that the federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971); In re Justices of the Superior Court, 218 F.3d 11, 16 (1st Cir. 2000). See also Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests."); Rio Grande Community Health v. Rullan, 397 F.3d 56, 68-69 (1st Cir. Feb. 14, 2005)(discussing Younger and Colorado River Abstention doctrines).

unless Plaintiff notifies this Court in writing that some other mailing address is preferable.

CONCLUSION

It is hereby ORDERED:

1.    Plaintiff's Motion to Waive All Fees and Costs (#1) is denied;

2.    The Court will not construe this action as a petition for writ of habeas corpus.  Any request for habeas relief contained in the Complaint is denied without prejudice;

3.    Plaintiff's civil rights claims are dismissed *sua sponte* without prejudice; and

4.    Plaintiff's Limited Power of Attorney to Ruthann Southern is stricken, absent a showing that Ms. Southern is a licensed attorney of law, with the exception that the Court will permit the docket to reflect Plaintiff's mailing address as P.O. Box 126, Sagamore, MA 02561, for purposes of receiving notices, rulings, and other documents related to this action.

SO ORDERED.

Dated in Boston, Massachusetts, on this 15th day of October 2005.


                                /s/ Mark L. Wolf
                                MARK L. WOLF
                                UNITED STATES DISTRICT JUDGE