UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES N. CLAYTON,<br> Plaintiff,<br><br>   v.<br><br><br>COMMONWEALTH OF<br>MASSACHUSETTS, ET AL.,<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-11628-MLW<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.

  On October 15, 2005, this Court issued a Memorandum and Order (#4) denying, *inter alia,* Clayton's Motion to Waive All Fees and Costs (#1) and dismissing his civil rights action, for the reasons stated therein. The Court also declined to construe Clayton's action as a petition for writ of habeas corpus. This case was closed pursuant to an Order for Dismissal (#5), entered October 17, 2005.

  On October 25, 2005, Clayton filed a one-page handwritten letter directed to the clerk, indicating he "received the dismissal of my appeal from the US District Court." Letter, Docket #6 at 1. The letter further states:

> Please note that the SJC has denied FAR on 7/25/05 of my appeal.
> I do want to go forward on my appeal in the US District Court. I am not guilty of the charge against me and was wrongfully convicted.
> Please let me know how do I get a lawyer to represent me in the US District Court. I have no money other than whats [sic] in my account here. Less than $300.00 at the present time. I work here in maintenance for $2.00 per day.

Id.

  It appears from this letter that Clayton is seeking to raise a collateral challenge to his

state-imposed criminal conviction and sentence.  To the extent that Clayton seeks judicial review of his state conviction and sentence, he cannot raise his claims in the above-referenced civil action.  As previously noted in the October 15th Memorandum and Order, such claims should be raised in the habeas context.  Therefore, Clayton may raise his claims in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the clerk is directed to provide Clayton with a blank § 2254 form.   However, any such petition must be accompanied by the $5.00 filing fee, or an Application to Proceed Without Prepayment of Fees, along with Clayton's prison account statement.[1]  Whether Clayton would qualify for *in forma pauperis* status with respect to the filing fee, (given his statement that he currently has less than $300.00 in his prison account), remains to be seen, and the Court will not make any determinations at this time.  The clerk is directed to provide Clayton with a blank Application to Proceed *in forma pauperis.*

With respect to Clayton's request for information on retaining counsel, the clerk shall provide Clayton with a list of legal services generally provided to *pro se* litigants, which Clayton may contact on his own.  To the extent that Clayton seeks appointment of counsel by this Court, such request is denied at this time, without prejudice.

Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255.  Funds for representation are payable as prescribed in Criminal Justice Act.  Appointment of counsel may be provided if

---

[1] As noted in the October 15th Memorandum and Order, a party filing a § 2254 habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees. See 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*).  An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account).

the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B), and the decision to appoint counsel is discretionary. Neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

    Here, Clayton has not yet filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, nor has he filed his prison account statement supporting his contention that he is without funds to retain his own attorney. As such, his request for court appointed counsel is premature, and is denied. Moreover, even if Clayton files a § 2254 petition and demonstrates that he is financially unable to secure his own attorney, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. § 3006A. The fact that Clayton is a prisoner and is unable to retain his own counsel, or that absent counsel, he

may not be on a level playing field with the Defendant, is insufficient to justify appointment of counsel. If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* habeas prisoner would qualify. Moreover, without an actual petition, the Court is unable to determine whether Clayton presents any complex or novel issues of law or fact which would warrant appointment of counsel.

    Accordingly, Clayton's request for appointment of counsel is Denied without prejudice to renewing after he has filed a § 2254 petition and has either paid the filing fee or is allowed to proceed *in forma pauperis*.

SO ORDERED.

DATED: November 21, 2005

/s/ Mark L. Wolf
MARK L. WOLF
UNITED STATES DISTRICT JUDGE