UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES N. CLAYTON,<br>    Plaintiff/Appellant<br><br>            v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>ET AL.,<br>    Defendants/Appellees | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-11628-MLW<br>)  (Appeal No. 05-2833)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER
RE: MOTION FOR LEAVE TO PROCEED [ON APPEAL]
*IN FORMA PAUPERIS* (#11)

WOLF, C.J.

For the reasons set forth below, Plaintiff/Appellant James N. Clayton's Motion for Leave to Proceed [on Appeal] *in forma pauperis* (#11) is denied without prejudice.[1]

BACKGROUND

On October 15, 2005, this Court entered a Memorandum and Order (#4) in the above-captioned matter, denying, *inter alia*, Plaintiff's Motion to Waive All Fees and Costs (#1).  The Court also declined to construe Plaintiff's civil complaint as a petition for writ of habeas corpus, and dismissed Plaintiff's civil rights claims *sua sponte* without prejudice.  An Order of Dismissal (#5) of this action entered on October 17, 2005.

Subsequently, on October 26, 2005, Plaintiff filed a letter (#6) advising that he wished to pursue an appeal of the dismissal

---

[1]For purposes of this Memorandum and Order, James N. Clayton shall hereinafter be referred to as "Plaintiff."

of this action, and requesting appointment of counsel.  In response to that letter, a Memorandum and Order (#7) entered on November 21, 2005, advising Plaintiff that he may not seek judicial review of his state conviction and sentence via this civil action.  He was also advised that if he sought to raise challenges to his state conviction, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[2] accompanied by the $5.00 filing fee, or an Application to Proceed Without Prepayment of Fees, along with his prison account statement indicating the amount of funds to his credit at the institution in which he is incarcerated.  Plaintiff's request for counsel was also denied.

    Plaintiff filed a Notice of Appeal of the dismissal of this action (See #8, dated November 18, 2005 but entered on the docket on December 2, 2005).  Thereafter, on December 27, 2005, Plaintiff filed a Motion for Leave to Proceed [on Appeal] *in forma pauperis* (#11), stating that he "currently [has] considerably less than the Federal Guidelines, on poverty and clearly meet the standard." Motion for Leave to Proceed *in forma*

---

[2] Plaintiff was provided the standard § 2254 form by the clerk, along with a copy of the Memorandum and Order.  It appears, however, that in the interim, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction.  See Clayton v. Corsini, C.A. 05-12307-JLT.  Clayton did not seek to proceed *in forma pauperis*.  He paid the $5.00 filing fee in that action.

*pauperis* (#11), ¶ 1.³  Plaintiff also alleged that he has no other assets available to pay any costs or fees for the appeal. In the document entitled "Affidavit" accompanying his motion, Plaintiff states his income is $120.00 per month.⁴  Plaintiff did not submit his Motion for Leave to Proceed *in forma pauperis* on the standard Application form used by this Court.  Moreover, Plaintiff did not submit his prison account statement indicating the amount of funds to his credit at the prison, nor did he sign his filings under the penalties of perjury.

## DISCUSSION

I.  <u>Failure to File Affidavit Under the Penalties of Perjury and to Aver Entitlement to Redress</u>

In the instant case, Plaintiff has sought to proceed on appeal *in forma pauperis*, and has alleged that he is without sufficient funds to pay the appellate filing fee.  As noted above, however, Plaintiff has failed to sign his so-called "Affidavit" under the penalties of perjury, declaring that the information provided was true and correct.  He has also failed to aver that he believes he is entitled to redress, as required

---

³The filing fee for an appeal is $255.00.  This includes a $5.00 filing fee for the notice of appeal, and a $250.00 fee for docketing the appeal in the First Circuit Court of Appeals.  The filing fee is payable to the clerk of the district court. <u>See</u> Schedule of Fees in Accordance with 28 U.S.C. § 1913, U.S. Court of Appeals for the First Circuit (effective 1/1/05).

⁴As previously noted in the prior Memorandum and Order (#7), Plaintiff indicated he had less than $300.00 in his prison account.

under 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, <u>by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.</u>

<u>Id.</u> (emphasis added).

The affidavit requirement under the *in forma pauperis* statute serves a deterrent function. <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council,</u> 506 U.S. 194, 205 (1993). In <u>Rowland,</u> the United States Supreme Court stated: "[o]ne who makes this affidavit exposes himself 'to the pains of perjury in a case of bad faith.' ... This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council,</u> 506 U.S. 194, 205 (1993) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.,</u> 335 U.S. 331, 338 (1948) quoting <u>Pothier v. Rodman,</u> 261 U.S. 307, 309 (1923)). The perjury sanction is an important requirement in protecting the public against misuse of public funds by a litigant who has sufficient funds of his or her own, and against

the filing of "frivolous or malicious" lawsuits funded by the public.  Rowland, 506 U.S. at 205.

Because Plaintiff has failed to sign his pleadings under the penalties of perjury, his Motion for Leave to Proceed [on Appeal] *in forma pauperis* (#11) is denied without prejudice.

Moreover, as an additional ground for denial of the motion, Plaintiff has not stated the nature of his appeal or the belief that he is entitled to redress, as required by § 1915(a)(1).  It is noted that the first paragraph of the standard Application to Proceed Without Prepayment of Fees and Affidavit form (form AO 240), typically used in the district court, contains a pre-printed declaration in support of the *in forma pauperis* request.  This language states: "I declare that I am unable to pay the costs of these proceedings and that I am entitled to relief sought in the complaint/petition/motion."  Application to Proceed Without Prepayment of Fees and Affidavit (form AO 240).  Further, the standard form used by the United States Court of Appeals for the First Circuit also contains similar language.[5]

---

[5] No Administrative Office (AO) number appears on this six (6) page form.  The first page of the Affidavit form provides as follows:

> I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them.  I believe I am entitled to redress.  I swear or affirm under penalty of perjury under United States laws that my

Affidavit to Accompany Motion for Leave to Appeal *In Forma Pauperis*, at 1.

Accordingly, the Clerk is directed to provide the Plaintiff with the standard forms referenced above, in the event Plaintiff wishes to renew his *in forma pauperis* motion.

II.   Failure to Provide Prison Account Information

As a third ground for denial of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (#11), Plaintiff failed to provide a certified copy of his prison account statement in accordance with the requirements of 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Id.

Unlike other civil litigants, a prisoner plaintiff or

---

answers on this form are true and correct.
(28 U.S.C. § 1746; 18 U.S.C. § 1621).

Affidavit to Accompany Motion for Leave to Appeal *In Forma Pauperis*, at 1.

appellant is <u>not</u> entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Rather, a prisoner must pay the <u>full</u> amount of the filing fee, although such payments may be made in installments, payable through the prisoner's prison account, based on the formula outlined in § 1915(b).

Accordingly, Plaintiff must pay the $255.00 appellate filing fee, or in the alternative, he must file in a timely fashion, a renewed Motion for Leave to Appeal *in forma pauperis*, accompanied by an Affidavit signed under the penalties of perjury, and his certified prison account statement, in accordance with the requirements set forth above.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that Plaintiff's Motion for Leave to Proceed [on Appeal] *in forma pauperis* (#11) is denied without prejudice to renew upon the timely filing of a motion accompanied by an Affidavit in support, and a certified copy of his prison account statement in accordance with the requirements set forth in this Memorandum and Order.

SO ORDERED.

/s/ Mark L. Wolf
MARK L. WOLF
CHIEF, UNITED STATES DISTRICT JUDGE

DATED: January 27, 2006